IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURTIS BROWN,
FDOC #C00191,
    Petitioner,

vs.                                                    Case No.: 5:18cv131/MCR/MJF

JULIE L. JONES,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Petitioner's amended petition for writ of habeas corpus and supporting memorandum, filed pursuant to 28 U.S.C. § 2254 (ECF Nos. 4, 5). Respondent filed a motion to dismiss the petition, on the ground that Petitioner failed to exhaust his state court remedies prior to filing his § 2254 petition (*see* ECF No. 9). Petitioner responded in opposition to the motion to dismiss (*see* ECF No. 11).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by the parties, it is the

opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the petition should be dismissed, without prejudice, for Petitioner's failure to satisfy the exhaustion requirement prior to commencing this federal habeas action.

## I.     BACKGROUND

Petitioner claims that the Florida Department of Corrections ("FDOC") is not authorized to detain him as a convicted defendant (*see* ECF No. 4 at 9, 19, 26–29).[1] Petitioner alleges the FDOC's "online inmate locator" indicates he is being detained pursuant to judgments rendered in the Indian River Circuit Court, Case Nos. 2005-CF-1750, 2005-CF-1396, and 2005-CF-1511; however, none of the judgments in those cases contain any evidence of the identity of the defendant, for example, the defendant's fingerprints or social security number ("SSN") as required by Florida Statutes § 921.241 (*see* ECF No. 4 at 26–29; ECF No. 5 at 2–3). Petitioner argues that the absence of the required identifying information on the Indian River County judgments renders them invalid as a basis for the FDOC to hold him in custody (*see* ECF No. 4 at 9, 19, 26–29). He contends that he is "actually innocent" of the criminal

---

[1] The court cites to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

judgments, and the FDOC is thus subjecting him to false imprisonment, kidnapping, and enslavement, in violation of his federal due process rights (*see* ECF No. 4 at 9; ECF No. 5 at 2–3; ECF No. 11 at 2–3).

The parties agree that Petitioner presented his claim to the state courts in a habeas petition filed in the Holmes County Circuit Court, Case No. 2018-CA-9, which is the state circuit court of the county where he is in custody (*see* ECF No. 4 at 9; ECF No. 9 at 2, 5, and attached Exhibits A, B). The parties also agree that Respondent filed a responsive pleading in the state habeas case (ECF No. 4 at 27–28; ECF No. 9 at 2–3, and attached Ex. C). The parties agree that there has been no final disposition of the state habeas petition (*see* ECF No. 4 at 10, 18; ECF No. 9 at 4–5).

Respondent contends the amended § 2254 petition should be dismissed for failure to exhaust, because Petitioner's state habeas petition is still pending (*see* ECF No. 9 at 4–5). Petitioner opposes dismissal, arguing that the record is sufficiently developed for this federal court to review the merits of his "actual innocence" claim (*see* ECF No. 11 at 2–3).

## II.   DISCUSSION

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C.

§ 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, 513 U.S. at 365–66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. If a petitioner fails to exhaust state remedies, a district court should dismiss the petition without prejudice to allow

---

[2] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i)  there is an absence of available State corrective process; or
        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)–(c).

exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

As previously discussed, the parties agree that the state court proceeding in which Petitioner presented his claim is still pending. Since Petitioner has not exhausted his state court remedies, and he has not shown that he qualifies for federal review under either of the exceptions set forth in § 2254(b)(1)(B), the instant habeas action should be dismissed without prejudice to allow Petitioner an opportunity to exhaust his claim in state court.

Petitioner is advised that although the dismissal of his § 2254 petition is without prejudice to his filing a § 2254 petition once he has exhausted his state court remedies, the fact that the § 2254 petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred. Petitioner is reminded that 28 U.S.C. § 2244(d) establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from the date upon which the conviction became final. *See* § 2244(d)(1). But the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted toward the limitations period. *See* § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). The pendency of a <u>federal</u> habeas

proceeding does not toll the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L.Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)) (emphasis added).

Additionally, Petitioner is advised that if he files a § 2254 petition upon exhausting state court remedies, he should file the petition in the United States District Court for the Southern District of Florida, which is the district within which the state court was held which allegedly convicted and sentenced him. Although the federal habeas statute provides that a habeas petition may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him, *see* 28 U.S.C. § 2241(d), district courts give great weight to the convenience of witnesses and ease of access to sources of proof when determining the proper venue for a § 2254 action. *See Parker v. Singletary*, 974 F.2d 1562, 1582 n.118 (11th Cir. 1992). In this case, the sources of evidence for Petitioner's claim are in Indian River County. The Southern District, therefore, is the most appropriate venue for a § 2254 action.

### III.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S.—, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.  that Respondent's motion to dismiss (ECF No. 9) be **GRANTED**.

2.  that Petitioner's amended § 2254 petition (ECF No. 4) be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to exhaust state court remedies.

3.  that a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>19th</u> day of November 2018.

*/s/ Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**